**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HAMED SHAHABZADA,<br><br>                              Plaintiff,<br><br>  vs.<br><br><br>MICHAEL J. ASTRUE,<br><br>                              Defendant. | CASE NO. 08-CV-1090 JLS (NLS)<br><br>**ORDER (1) ADOPTING MAGISTRATE JUDGE STORMES'S REPORT AND RECOMMENDATION, (2) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND (3) DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>(Doc. Nos. 12, 13, & 16.) |

     Presently before the Court are cross motions for summary judgment by Plaintiff Hamed Shahabzada and Defendant Michael J. Astrue, Commissioner of Social Security. (Doc. Nos. 12 & 13.) Also before the Court is a Report and Recommendation (R&R) from Magistrate Judge Stormes advising this Court to grant Plaintiff's motion and deny Defendant's motion. (Doc. No. 16.) Finally, Defendant has filed objections to the R&R and Plaintiff has replied to those objections. (Doc. Nos. 17 & 18.) Having considered the R&R and Defendant's objections, the Court (1) **OVERRULES** Defendant's objections, (2) **ADOPTS** Magistrate Judge Stormes's Recommendation and Report, (3) **GRANTS** Plaintiff's motion for summary judgment; and (4) **DENIES** Defendant's cross-motion for summary judgment.

//

**BACKGROUND**

The Court finds that the background contained in the R&R is both accurate and complete. Further, Defendant has not objected to this aspect of the R&R. Therefore, the Court incorporates the R&R's "Procedural History" section by reference. (R&R at 1–3.)

**LEGAL STANDARDS**

**I.  DISTRICT COURT REVIEW OF A REPORT AND RECOMMENDATION**

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth the duties of the district court in connection with a magistrate judge's report and recommendation. "The district court must make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the finding or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989); *United States v. Raddatz*, 447 U.S. 667, 676 (1980). However, the Court has no obligation to review a legal conclusions to which neither party objects. *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

**II.  REVIEW OF DENIAL OF DISABILITY CLAIM[1]**

When an applicant's claim for disability benefits under the Social Security Act has been denied, he may seek judicial review of the Commissioner's decision. 42 U.S.C. § 405(g). The reviewing Court will reverse the Commissioner's decision only if "it is based upon legal error or is not supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is "more than a mere scintilla but less than a preponderance." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *Tidwell*, 161 F.3d at 601 (citing *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir.1997)). This inquiry looks to the record as a whole. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). However, if the evidence supports more than one

---

[1] Magistrate Judge Stormes's summary of the relevant law is entirely correct and unchallenged by the Commissioner. The contours of the legal standard, however, are reiterated here for the sake of clarity.

1 interpretation, the Court must uphold the Administrative Law Judge's (ALJ) decision. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "Where, as here, the Appeals Council denies a request for review of an ALJ's decision, the decision of the ALJ represents the final decision of the Commissioner." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 n.1 (9th Cir 2004) (citing 20 C.F.R. § 404.981).

In order to qualify for disability benefits, an applicant must show that he is "disabled," meaning (1) that he suffers from a medically determinable impairment that can be expected to last for a continuous period of twelve months or more, or would result in death, and (2) the impairment renders applicant incapable of performing the work they previously performed or any other substantially gainful employment that exists in the national economy. 42 U.S.C. §§ 423(d)(1)(A), (2)(A). To evaluate the applicant's claim, an ALJ must apply a five-step analysis. 20 C.F.R. § 404.1520.

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, App. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing her past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the residual functional capacity ("RFC") to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). A claimant bears the burden of proof with respect to the first four steps, but for the fifth step the burden shifts to the Commissioner. *Id.* (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)).

**DISCUSSION**

Magistrate Judge Stormes found that "the sole issue presented is whether the ALJ properly relied upon the Grid or erred by failing to obtain the testimony of a vocational expert."[2] (R&R at 4.) In holding that the ALJ's ruling was not supported by substantial evidence, Judge Stormes noted that

---

[2] Plaintiff also asserted that the ALJ incorrectly found that he could return to work as a home care attendant. (Pl.'s MSJ at 6.) The Commissioner concedes that this finding was incorrect. (Objections at 2.)

1 "it would be error for an ALJ to rely solely on the Grid for claimants with only non-exertional
2 limitations." (*Id.* at 5.) And, although the ALJ did not take testimony from a vocational expert, he
3 "recognized that the Grid could not be used as a sole basis [for its decision, but] instead provided a
4 'framework for decisionmaking.'" (*Id.* at 6.) The problem, according to Judge Stormes, is that when
5 ALJ Trembly found that Plaintiff's "limitations have little or no effect on the occupational base of
6 unskilled work at all exertional levels," his conclusion is not supported by anything in the record. (*Id.*)

7 Having fully reviewed this matter, the Court agrees with Magistrate Judge Stormes. First, the
8 Court is unpersuaded by the Commissioner's claim that "this claimant's non-exertional limitations did
9 not prevent the ALJ's reliance on the Grid." (Objections at 2.) He states that because "Plaintiff was
10 not limited exertionally, the entire grid was applicable," however this is, by definition, true for any
11 claimant without exertional limitations. (*Id.*) And although the Commissioner protests that he does
12 not believe that reliance on the Grid is always appropriate for a claimant without exertional
13 limitations, he offers no limiting principle or suggestion why Plaintiff is any different from other
14 claimants. (*See id.*) Thus, as the R&R properly concludes, had the ALJ relied solely on the grid in
15 this case he would have committed error.

16 The Court is similarly unpersuaded by the Objections that there is substantial evidence in the
17 record as to the jobs available to Plaintiff. As previously stated, ALJ Trembly found that Plaintiff's
18 nonexertional "limitations have little or no effect on the occupational base of unskilled work at all
19 exertional levels." (Administrative Record (AR) at 22; *see also* R&R at 6.) The R&R concluded that
20 Defendant had not shown anything "in the record that provides substantial evidence to support the
21 ALJ's determination that Plaintiff's mental impairments did not affect the occupational base of
22 unskilled work at all exertional levels." (R&R at 6.) It was unmoved by Defendant's argument that
23 "the vast number of unskilled jobs in the national economy that ordinarily involve dealing with objects
24 rather than people" serve as substantial evidence supporting the ALJ's conclusion. (*Id.*)

25 The Commissioner's objections are unpersuasive. Although he asserts that "there is nothing
26 in the ALJ's statement that demonstrates error," he does not address the primary issue noted in the
27 R&R. (Objections at 4.) Specifically, the conclusion that Plaintiff's limitations do not reduce the
28 occupational base is entirely unsupported. It is conclusory and lacks meaningful analysis. Although

1  it may, ultimately, turn out to be correct, it is not supported by "such relevant evidence as a reasonable
2  mind might accept as adequate to support [its] conclusion." *Webb*, 433 F.3d at 686. As Judge Stomes
3  noted, "[t]he number of jobs available to those without mental impairments . . . does not provide
4  substantial evidence that Plaintiff could perform those jobs, given his mental impairments." (R&R
5  at 6.) Without some individualized explanation regarding what jobs Plaintiff can perform given his
6  particular disability, a substantial evidence finding would be improper.

7  Finally, the R&R's conclusion as to remedy is also entirely correct. The Ninth Circuit has
8  repeatedly held that when reviewing the claim of an individual with only nonexertional impairments,
9  such as Mr. Shahabzada, an ALJ <u>must</u> consult with a vocational expert. For example, *Polny v. Bowen*,
10 864 F.2d 661 (9th Cir. 1988), held that "where . . . a claimant's nonexertional limitations are in
11 themselves enough to limit his range of work, the grids do not apply, and *the testimony of a vocational*
12 *expert is required* to identify specific jobs within the claimant's abilities."[3] *Id.* at 663–64 (emphasis
13 added). Similarly, *Cooper v. Sullivan*, 880 F.2d 1152 (9th Cir. 1989), held that "where a claimant
14 suffers solely from a nonexertional impairment, the grids do not resolve the disability question; other
15 testimony is required." *Id.* at 1155. Further, our Circuit noted in *Lounsburry v. Barnhart*, 468 F.3d
16 1111 (9th Cir. 2006), that "[the Commissioner] may not rely solely on the grids to *deny* benefits when
17 additional impairments detract from a claimant's ability to work."[4] Finally, in *Moore v. Apfel*, 216
18 F.3d 864 (9th Cir. 2000), the court stated that "[w]hen the grids do not completely describe the
19 claimant's abilities and limitations, such as when the claimant has both exertional and nonexertional
20 limitations . . ., the grids are inapplicable and *the ALJ must take* the testimony of a VE." *Id.* at 869
21 (emphasis added); *see also Reddick v. Chater*, 157 F.3d 715, 729 (9th Cir. 1998) ("The ALJ may apply
22 the grids in lieu of taking testimony of a vocational expert only when the grids accurately and

---

[3] The criticisms of Magistrate Judge Stormes's reliance on *Polny* in the Objections are disingenuous, to put it mildly. The Commissioner claims that "the primary issue [in *Polny*] was the ALJ's failure to explain why he rejected the opinion of a treating specialist." (Objections at 2–3.) This statement is directly contradicted by the first sentence in the "Analysis" section of the *Polny* opinion: "The major issue on appeal is whether the administrative law judge erred in applying the grids in this case where the applicant's impairment was not exertional." *Polny*, 864 F.2d at 663.

[4] The Commissioner's attempts to distinguish these cases misses the mark. He argues that they "are either inapposite or distinguishable." (Objections at 2–3.) However, these cases are relied upon only for statements of law, making the factual differences cited by the Commissioner irrelevant.

completely describe the claimant's abilities and limitations.  If the grids fail accurately to describe a claimant's limitations, the ALJ may not rely on the grids alone to show the availability of jobs for the claimant.  In these cases, the ALJ must also hear the testimony of a vocational expert." (citations omitted)).  Since there is no question that Plaintiff suffers only from nonexertional impairments and since the ALJ relied on the Grid in coming to his conclusion, this case must be remanded back to the Commissioner for additional proceedings in order to take and consider the testimony of a vocational expert.

Having reviewed the R&R *de novo* the Court concludes that it has properly addressed the relevant legal and factual issues in this matter.  Therefore, Defendant's objections are **OVERRULED.**

## CONCLUSION

For the reasons stated, the Court **ADOPTS** Magistrate Judge Stormes's Report and Recommendation.  Consequently, Plaintiff's motion for summary judgment is **GRANTED** and Defendant's motion for summary judgment is **DENIED**.  This matter is hereby **REMANDED** to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g), to allow for testimony by a vocational expert.

IT IS SO ORDERED.

DATED: February 17, 2010

Honorable Janis L. Sammartino
United States District Judge